Opinion filed July 16, 2026



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00044-CR

_____

## WILLIAM MILTON CARAM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 30859-A**

## M E M O R A N D U M   O P I N I O N

Appellant, William Milton Caram, originally pled guilty to possession of methamphetamine in an amount of less than one gram, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court placed Appellant on deferred adjudication community supervision for a period of four years. The State subsequently moved to adjudicate Appellant's guilt, alleging

that he had committed twelve violations of the terms and conditions of his community supervision. On January 8, 2025, the trial court held a hearing on the State's motion, during which Appellant pled "not true" to each allegation. Following the State's presentation of evidence, the trial court found seven of the violations alleged to be "true" and reset the case for a punishment hearing. Upon the conclusion of the punishment hearing, the trial court adjudicated Appellant guilty, revoked his community supervision, and assessed his punishment at confinement for two years in the State Jail Division of the Texas Department of Criminal Justice.

Appellant's court-appointed counsel has filed a motion to withdraw in this court, supported by a brief in which counsel states that he professionally and conscientiously examined the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and copies of the clerk's and reporter's records. Counsel also advised Appellant of his right to: (1) object to counsel's motion to withdraw; (2)review the record; (3) file a pro se response to counsel's *Anders* brief; and (4) file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed

the record and likewise conclude that the appeal is without merit.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

July 16, 2026

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.